IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Battle Sports Science, LLC and Active Brands, Inc., | Case No._____ |
| Plaintiffs, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| Shock Doctor, Inc. | |
| Defendant. | |

Plaintiffs Battle Sports Science, LLC ("Battle Sports") and Active Brands, LLC ("Active Brands") hereby complain and allege as follows against Defendant Shock Doctor, Inc. ("Shock Doctor").

## THE NATURE OF THE ACTION

1. Battle Sports designed and developed a revolutionary mouth and lip guard, the "Oxygen Lip Protector" which protects the teeth and lips of athletes engaged in physical activities. In addition, the Battle Sports Oxygen Lip Protector is designed in such a way to allow a user to have unobstructed breathing while the mouth guard is in place, and similarly, to allow a user to re-hydrate while wearing the mouth guard.

2. Battle Sports' Oxygen Lip Protector is protected by a broad range of intellectual property rights, including utility patents, trademark and trade dress rights. As a result of Battle Sports' success in introducing its innovative mouth guard product, competitors are attempting to capitalize on this success by imitating the innovative technology and distinctive product design

1

associated with the Battle Sports' Oxygen Lip Protector product line. One of the principal imitators is Shock Doctor, Inc. ("Shock Doctor") which markets a line of virtually identical mouth and lip guard products under the name Max Airflow Lip Guard (the "Accused Products"). Rather than pursue its own independent product designs and developments, Shock Doctor elected to simply copy Battle Sports' product designs in violation of Battle Sports' intellectual property rights. Shock Doctor made the Accused Products look like, and work like, Battle Sports' Oxygen Lip Protector in violation of Battle Sports' intellectual property rights.

4. Active Brands is a successor in interest to Battle Sports. Active Brands and Battle Sports are hereinafter collectively referred to as "Plaintiffs."

5. Through this action, Plaintiffs seek to stop Shock Doctor's illegal conduct and to obtain damages and equitable relief for the intellectual property violations that have occurred to date.

## THE PARTIES

6. Battle Sports is a Nebraska corporation having its principal place of business at 2111 S. 67th Street Suite 400, Omaha, NE 68106.

7. Active Brands is a Nebraska corporation having its principal place of business at 2111 S. 67th Street Suite 400, Omaha, NE 68106. Active Brands markets and sells, or offers for sale, a variety of sporting good products, including mouth guards.

5. Shock Doctor is a California corporation having its principal place of business at 11488 Slater Avenue, Fountain Valley, CA 92708. Shock Doctor also markets and sells a variety of sporting good products, including mouth guards.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (action arising

2

under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has personal jurisdiction over Shock Doctor because Shock Doctor has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and 15 U.S.C. § 1114 and 1125, and places the Accused Products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Nebraska, including in this District. The acts by Shock Doctor cause injury to Plaintiffs within this District. Upon information and belief, Shock Doctor derives substantial revenue from the sale of Accused Products within this District and expects its actions to have consequences within this District.

8. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because Shock Doctor transacts business within this District and offers for sale in this District products that infringe the Plaintiffs' patents, trademark and trade dress. In addition, venue is proper because Plaintiffs' principal place of business is in this District and Plaintiffs suffered harm in this District.

## BACKGROUND

9. Battle Sports is a designer and developer of a range of athletic equipment and apparel, including mouth and lip guards.

10. In or around 2011, Battle Sports developed an innovative and distinctive design for athletic mouth guards, the Oxygen Lip Protector. Prior to Battle Sports' innovative mouth and lip guards, most lip protector mouth guards were comprised of one solid piece of molded plastic with very small or no breathing holes.

11. At the time Battle Sports introduced the Oxygen Lip Protector, no other mouth guard product on the market looked like, or functioned like the Battle Sports product.

12. After launching the Oxygen Lip Protector product, sales of this innovative product grew quickly.

13. In or around January 2015, Shock Doctor received written notification from Battle Sports of its patent rights with respect to the Oxygen Lip Protector device. Battle Sports further articulated the basis for its conclusion that the Accused Products infringed Battle Sports patent rights. Despite this notice, Shock Doctor did not cease its sales of infringing products.

14. In or around June 2016, Active Brands became a successor in interest to Battle Sports and all intellectual property rights associated with the Oxygen Lip Protector transferred to Active Brands.

## PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS

15. Plaintiffs have protected the Oxygen Lip Protector product through a broad range of intellectual property rights. This protection includes the following patents (the "Asserted Patents"):

| Patent Number | Title |
| --- | --- |
| 8,931,488 (the "'488 Patent") (attached hereto as Exhibit A) | Mouth Guard With Breathing And Drinking Aperture |
| 9,333,413 (the "'413 Patent") (attached hereto as Exhibit B) | Mouth Guard With Breathing And Drinking Aperture |
| D760,889 (the "'D889 Patent") (attached hereto as Exhibit D) | Mouth Guard |

16. In addition, Active Brands owns the following federal trademark registration:

•       U.S. Registration Number 4,616,238 for the mark **BATTLE** covering, among other things, "mouth guards for athletic use" (the "Registered Trademark") (attached hereto as Exhibit C).

17.     Plaintiffs' Oxygen Lip Protectors also introduced the unique look of fangs, digital camouflage designs, and an American Flag design to the outer wall of the mouth guard product.

18.     Plaintiffs' Oxygen Lip Protector product line is offered in a range of unique, non-functional color and design combinations as depicted below:

     

    

19.     The unique product shape, distinctive colors and innovative fang, digital camouflage and American Flag designs are collectively referred to as "Plaintiffs' Trade Dress."

## INFRINGEMENT OF PLAINTIFFS' PATENTS

20.     Shock Doctor's infringement of the Asserted Patents as identified in this Complaint provides Shock Doctor with innovative functionality that was not the result of Shock Doctor's efforts.  Shock Doctor has not obtained permission from Plaintiffs to use the inventions claimed in the Asserted Patents.

## INFRINGMENT OF PLAINTIFFS' TRADEMARK AND TRADE DRESS

21.     The Accused Products embody a combination of several elements of the Plaintiffs' Registered Trademark and Trade Dress, namely:

•       Use of the identical color combinations;

•       Use of a black and white oval with lettering inserted in the oval, placed at the top of the mouth guard;

•       Use of an identical fang design;

5

- Use of an American Flag design;
- Use of identical digital camouflage color designs.

22. The Accused Products include an identical oval design located at the top of the outer wall. The Accused Products clearly mimic all of Plaintiffs' unique designs as depicted below:





## FIRST CLAIM FOR RELIEF – INFRINGEMENT OF THE '488 PATENT

23. Plaintiffs incorporate and reallege paragraphs 1 through 22 of this Complaint.

24. The '488 Patent was duly and legally issued by the United States Patent and Trademark office on January 13, 2015 after full and fair examination. Active Brands is the owner of the '488 Patent.

25. Claim 1 of the '488 Patent recites a number of elements, including: "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap."

26. Shock Doctor has made, used, sold, and/or imported mouth guard products, including at least the Accused Products, that infringe at least claim 1 of the '488 Patent under 35 U.S.C. § 271(a).

27. The Accused Products, as shown herein, include "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap" as recited by claim 1 of the '488 Patent.

28. On information and belief, Shock Doctor had actual or constructive notice of the '488 Patent at least as early as 2015.

29. On information and belief, Shock Doctor had actual or constructive notice of the '488 Patent at least as early as May, 2016.

30. On information and belief, Shock Doctor was aware of the application that matured into the '488 Patent at least as early as 2013.

31. On information and belief, Shock Doctor or its agents compared the '488 Patent to the Accused Products at least as early as 2015.

32. On information and belief, Shock Doctor or its agents compared the '488 Patent to the Accused Products at least as early as May, 2016.

33. On information and belief, Shock Doctor had actual or constructive knowledge of the patent application that matured into the '488 Patent, and/or of the '488 Patent, prior to the filing of the present lawsuit.

## SECOND CLAIM FOR RELIEF – INFRINGEMENT OF THE '413 PATENT

34. Plaintiffs incorporate and reallege paragraphs 1 through 33 of this Complaint.

35. The '413 Patent was duly and legally issued by the United States Patent and Trademark office on May 10, 2016 after full and fair examination. Active Brands is the owner of the '413 Patent.

36. Claim 1 of the '413 Patent recites a number of elements, including: "a pair of spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap."

37. Shock Doctor has made, used, sold, and/or imported mouth guard products, including at least the Accused Products, that infringe at least claim 1 of the '413 Patent under 35 U.S.C. § 271(a).

38. The Accused Products, as shown herein, include "a pair of planar, spaced-apart molar receiving members"; "an outer wall"; "an inner wall"; "a conduit extending between the inner and outer walls"; and "a fluid gap" as recited by claim 1 of the '413 Patent.

39. On information and belief, Shock Doctor had actual or constructive notice of the '413 Patent at least as early as May, 2015.

40. On information and belief, Shock Doctor was aware of the application that matured into the '413 Patent at least as early as 2015.

41. On information and belief, Shock Doctor had actual or constructive knowledge of the patent application that matured into the "413 Patent, and/or of the '413 Patent, prior to the filing of the present lawsuit.

### THIRD CLAIM FOR RELIEF – INFRINGEMENT OF THE 'D889 PATENT

42. Plaintiffs incorporate and reallege paragraphs 1 through 41 of this Complaint.

43. The 'D889 Patent was duly and legally issued by the United States Patent and Trademark office on July 5, 2016 after full and fair examination. Active Brands is the owner of the 'D889 Patent.

44. The 'D889 Patent claims "[t]he ornamental design for a mouth guard, as shown and described."

45. Shock Doctor has made, used, sold, and/or imported mouth guard products, including at least the Accused Products, that infringe the 'D889 Patent under 35 U.S.C. § 271(a).



| 'D889 Patent | Accused Products |
|---|---|

46. On information and belief, Shock Doctor had actual or constructive knowledge of the patent application that matured into the 'D889 Patent prior to the filing of the present lawsuit.

9

## FOURTH CLAIM FOR RELIEF – FEDERAL TRADE DRESS INFRINGEMENT

47.     Plaintiffs incorporate and reallege paragraphs 1 through 46 of this Complaint.

48.     Active Brands is the owner of all right and title to the distinctive Oxygen Lip Protector Trade Dress. The Trade Dress, as embodied in the Oxygen Lip Protector, is inherently distinctive and not functional.

49.     Prior to Shock Doctor's introduction of the infringing Accused Products, Shock Doctor was aware of Battle Sports' business and had either actual notice and knowledge, or constructive notice, of Plaintiffs' Trade Dress rights.

50.     Shock Doctor's manufacturing and distribution of the Accused Products with identical color schemes, use of an oval at the top of the guard, use of a fang design, use of a digital camouflage design and use of an American Flag design on the outer wall of the mouth guards is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Shock Doctor with Plaintiffs, or as to the origin, sponsorship or approval by Plaintiffs of Shock Doctor's goods and/or commercial activities.

51.     Shock Doctor's manufacture and distribution of the Accused Products with identical color schemes, use of an oval at the top of the guard, use of a fang design, use of a digital camouflage design and use of an American Flag design on the outer wall of the mouth guards allows Shock Doctor to unfairly benefit from Plaintiffs' reputation and success, thus allowing the Shock Doctor products to derive commercial value that they would not otherwise attain.

52.     Shock Doctor's actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53.     Shock Doctor knew of Plaintiffs' Trade Dress when it designed the Accused Products, and has refused to change its product design and appearance despite Plaintiffs'

objections. Accordingly, Shock Doctor's infringement has been and continues to be intentional, willful and without regard to Plaintiffs' Trade Dress rights.

54. Plaintiffs have been and will continue to be irreparably harmed and damaged by Shock Doctor's conduct, and Plaintiffs lack an adequate remedy at law to compensate for this harm and damage.

55. Plaintiffs are informed and believe, and on that basis allege, that Shock Doctor has gained profits by virtue of its infringement of Plaintiffs' Trade Dress.

56. Plaintiffs have also sustained damages as a direct and proximate result of Shock Doctor's infringement of Plaintiffs' Trade Dress in an amount to be proven at trial.

57. Because Shock Doctor's actions have been willful, Plaintiffs are entitled to treble its actual damages or Shock Doctor's profits, whichever is greater, and to an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**FIFTH CLAIM FOR RELIEF – FEDERAL TRADEMARK INFRINGEMENT**

58. Plaintiffs incorporate and reallege paragraphs 1 through 57 of this Complaint.

59. Active Brands is the owner of U.S. Registration Number 4,616,238 for the following design mark: **(BATTLE)** .

60. Shock Doctor has infringed Plaintiffs' Registered Trademark by using an identical design in an identical location on the Accused Products.

61. Prior to Shock Doctor's introduction of the Accused Products, Shock Doctor was aware of Battle Sports' business and had either actual notice and knowledge, or constructive notice of Plaintiffs' Registered Trademark.

62. Shock Doctor's manufacturing and distribution of the Accused Products with an identical oval design as to that depicted in Plaintiffs' Registered Trademark is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or

association of Shock Doctor with Plaintiffs, or as to the origin, sponsorship or approval by Plaintiffs of Shock Doctor's goods and/or commercial activities.

63. Shock Doctor's manufacture and distribution of the Accused Products with an identical oval design as to that depicted in Plaintiffs' Registered Trademark allows Shock Doctor to unfairly benefit from Plaintiffs' reputation and success, thus allowing the Shock Doctor products to derive commercial value that they would not otherwise attain.

64. Shock Doctor knew of Plaintiffs' Registered Trademark when it designed the Accused Products, and has refused to change its product appearance despite objections. Accordingly, Shock Doctor's infringement has been and continues to be intentional, willful and without regard to Plaintiffs' Registered Trademark rights.

65. Plaintiffs have been and will continue to be irreparably harmed and damaged by Shock Doctor's conduct and Plaintiffs lack an adequate remedy at law to compensate for this harm and damage. Pursuant to 15 U.S.C. § 1116, Plaintiffs are entitled to an injunction against Shock Doctor's continuing infringement of Plaintiffs' Registered Trademark.

66. Plaintiffs are informed and believe, and on that basis allege, that Shock Doctor has gained profits by virtue of its infringement of Plaintiffs' Registered Trademark.

67. Plaintiffs have also sustained damages as a direct and proximate result of Shock Doctor's infringement of Plaintiffs' Registered Trademark in an amount to be proven at trial.

68. Because Shock Doctor's actions have been willful, Plaintiffs are entitled to treble their actual damages or Shock Doctor's profits, whichever is greater, and to an award of costs, and this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### SIXTH CLAIM FOR RELIEF – UNFAIR COMPETITION

69. Plaintiffs incorporate and reallege paragraphs 1 through 68 of this Complaint.

70. Shock Doctor's actions, as described above, are likely to deceive the public as between products originating from Shock Doctor and those originating from Plaintiffs and therefore constitute unfair competition in violation of the common law of the State of Nebraska.

71. Shock Doctor's actions have been willful and deliberate.

72. Shock Doctor's actions and activities have been committed willfully with an intent to damage Plaintiffs and to divert business from Plaintiffs, and have caused and will continue to cause damage and irreparable harm and injury to Plaintiffs unless and until such time as Shock Doctor is enjoined from such conduct.

### SEVENTH CLAIM FOR RELIEF – UNJUST ENRICHMENT

73. Plaintiffs incorporate and reallege paragraphs 1 through 72 of this Complaint.

74. As a result of the conduct alleged herein, Shock Doctor has been unjustly enriched to Plaintiffs' detriment. Plaintiffs seek a full accounting and disgorgement of all ill-gotten gains and profits resulting from Shock Doctor's inequitable activities.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. A judgment that Shock Doctor has infringed one or more claims of each of Plaintiffs' Asserted Patents.

b. An order and judgment preliminarily and permanently enjoining Shock Doctor and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the Asserted Patents.

c. A judgment awarding Plaintiffs all damages adequate to compensate for Shock Doctor's infringement of the Asserted Patents, and in no event, less than a reasonable royalty for

Shock Doctor's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law.

  d. A judgment awarding Plaintiffs all damages adequate to compensate for Shock Doctor's infringement of Plaintiffs' Registered Trademark, and in no event, less than a reasonable royalty for Shock Doctor's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law.

  e. A judgment awarding Plaintiffs all damages, including treble damages, based on Shock Doctor's willful trademark and trade dress infringement, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

  f. Actual damages suffered by Plaintiffs as a result of Shock Doctor's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law.

  g. Reasonable funds for corrective advertising.

  h. An accounting of Shock Doctor's profits pursuant to 15 U.S.C. § 1117.

  i. Costs of suit and reasonable attorneys' fees.

  j. Any other remedy to which Plaintiffs may be entitled, including all available remedies under federal and Nebraska state law.

BATTLE SPORTS SCIENCE, LLC and
ACTIVE BRANDS, INC., Plaintiffs


By: /s/ Jason S. Jackson
    Jason S. Jackson, #25030
    John P. Passarelli, #16018
    Christopher M. Bikus, #20951
    Kutak Rock LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE 68102-2186
    (402) 346-6000
    (402) 346-1148
    jason.jackson@kutakrock.com
    john.passarelli@kutakrock.com
    chris.bikus@kutakrock.com

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

## REQUEST FOR PLACE OF TRIAL

Plaintiff requests Omaha, Nebraska as the place of trial.

1